UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA THEODORE, MICHAEL BURKE, GEORGE ALEXANDROPOLOUS, GERTRUDE KOWAL, STEVEN CHOUINARD, NANCY TREHUB, GUN OWNERS' ACTION LEAGUE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA CAMPBELL, in her official capacity as ATTORNEY GENERAL of the COMMONWEALTH OF MASSACHUSETTS; and GEOFFREY NOBLE,[1] in his official capacity as COLONEL of the MASSACHUSETTS STATE POLICE, <br><br> Defendants. | CIVIL ACTION NO. 24-11985-MJJ |

**ASSENTED-TO MOTION BY DEFENDANTS FOR
FURTHER ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b), Defendants Andrea Campbell and Geoffrey Noble respectfully request that this Court further extend the time to answer or otherwise respond to the complaint by another 30 days. A response to the complaint is currently due on Monday, October 7, 2024. The requested extension, if granted, would make Defendants' response due on Wednesday, **November 6, 2024**.

As grounds for this motion, Defendants state as follows:

1. On July 25, 2024, the Governor of Massachusetts signed "An Act Modernizing Firearms Laws" ("Act"), passed by the Legislature, which, among other things, amends the

---

[1] Geoffrey Noble has replaced John E. Mawn as Colonel of the Massachusetts State Police, so his name is automatically substituted in the caption in accordance with Fed. R. Civ. P. 25(d).

training requirements for License to Carry ("LTC") firearms applicants. See St. 2024, c. 135, § 74. On August 1, 2024, Plaintiffs filed their complaint challenging certain aspects of these new requirements. ECF No. 1.

2.      A central aspect of Plaintiffs' complaint is that the Act requires a new "firearms safety certificate" to obtain an LTC, which requires the successful completion of a live-fire training requirement. See St. 2024, c. 135, § 74. Plaintiffs assert that, because the live-fire training course is not yet available, applicants for LTCs cannot complete the course that is required to obtain the license, and that this effectively bars new applicants from keeping and carrying firearms, in violation of the Second Amendment. See Compl. ¶¶ 5, 38-50, 68.

3.      On September 16, 2024, however, the Legislature amended the firearms-safety law, to clarify that this aspect of the law—i.e., the requirement to obtain a firearms safety certificate after passing a live-fire training course—will not go into effect until 18 months after the effective date of the law. See St. 2024, c. 206, § 51 (amending St. 2024, c. 135, §§ 74, 159). Thus, the requirement to get a firearms safety certificate after passing a live-fire training course will not go into effect until April 2026.

4.      The State's Executive Office of Public Safety and Security ("EOPSS") has also issued guidance this week, clarifying that applicants will not be required to take a live-fire training course until the effective date of the law. A copy of this guidance from EOPSS is attached as **Exhibit A** to this motion. Until the effective date (in April 2026), applicants will be permitted to obtain an LTC—provided they meet all other requirements for licensure, see G.L. c. 140, § 131—under pre-existing requirements, which do not include a live-fire training requirement. See Ex. A, at 2-3.

5. In light of these recent developments, it will be necessary for the parties to confer to determine how much of the complaint remains operative, and which claims remain to be addressed by Defendants through an answer or motion to dismiss. The parties therefore need additional time to discuss the manner in which the case will proceed.

6. Plaintiffs assent to this request for additional time.

WHEREFORE, Defendants respectfully request that this Court extend its time to file an answer to Plaintiffs' Complaint until **November 6, 2024**.

Respectfully submitted,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Timothy J. Casey*
Timothy J. Casey, BBO #650913
Erin E. Fowler, BBO #707188
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
Timothy.Casey@mass.gov
Erin.E.Fowler@mass.gov
(617) 727-7000

October 4, 2024

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I certify that on September 30 and October 4, 2024, I conferred with counsel for the Plaintiffs by email and attempted in good faith to resolve or narrow the issues in dispute. As a result of those discussions, counsel for Plaintiffs assented to this motion.

/s/ Timothy J. Casey
Timothy J. Casey
Assistant Attorney General

### CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants and that copies will be sent to non-registered participants by email on October 4, 2024.

/s/ Timothy J. Casey
Timothy J. Casey
Assistant Attorney General