UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA THEODORE, MICHAEL BURKE, GEORGE ALEXANDROPOLOUS, GERTRUDE KOWAL, STEVEN CHOUINARD, NANCY TREHUB, GUN OWNERS' ACTION LEAGUE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA CAMPBELL, in her official capacity as ATTORNEY GENERAL of the COMMONWEALTH OF MASSACHUSETTS; and GEOFFREY NOBLE,[1] in his official capacity as COLONEL of the MASSACHUSETTS STATE POLICE, <br><br> Defendants. | CIVIL ACTION <br> NO. 24-11985-MJJ |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs—three individuals who have a license to carry a firearm ("LTC") in Massachusetts; three individuals who are in the process of applying for an LTC; and a gun-rights advocacy organization—here challenge certain aspects of Massachusetts's firearms licensing regime. Their complaint must be dismissed, both for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The jurisdictional flaws in Plaintiffs' complaint are numerous, including that (1) the three already-licensed Plaintiffs lack standing to challenge the licensing scheme, since they are already licensed and do not (and cannot) allege that any future renewal application would be "futile"; (2) the three other Plaintiffs lack standing,

---

[1] Geoffrey Noble has replaced John E. Mawn as Colonel of the Massachusetts State Police, so his name is automatically substituted in the caption in accordance with Fed. R. Civ. P. 25(d).

since they cannot demonstrate any harm resulting from the licensing scheme that is caused by the statute and the Defendants; (3) all Plaintiffs lack standing to challenge the firearm identification card ("FID") card requirements, since no one alleges that they have applied, or will apply, for such a license; (4) the organizational Plaintiff fails to meet the requirements for representational standing; (5) Plaintiffs' challenge to being required to now take the new Basic Firearms Safety ("BFS") course has become moot, since the Legislature has amended the law to clarify that no one will be required to take the new course until April 2026; and (6) Plaintiffs' hypothetical challenge to having to take the BFS course in the future is unripe, since it is speculative and uncertain whether any Plaintiff will be required to take the course, and (if so) whether it will operate to deny them their Second Amendment rights.

Furthermore, Plaintiffs fail to state a plausible claim. Plaintiffs' Second Amendment claim fails because, as the Supreme Court recognized in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), "shall issue" licensing regimes like Massachusetts's are presumptively constitutional, and Plaintiffs have not alleged (and cannot allege) facts overcoming that presumption. Their vagueness challenge to Massachusetts's "suitability" requirement, Mass. Gen. L. c. 140, § 131(d), also fails, both because facial vagueness challenges like theirs are not permitted outside the criminal and First Amendment contexts, and because the suitability requirement is not unconstitutionally vague.

For these reasons, Plaintiffs' complaint should be dismissed, with prejudice.

Respectfully submitted,

ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts; and GEOFFREY NOBLE, in his official capacity as Colonel of the Massachusetts State Police,

By their Attorneys,

<u>*/s/ Timothy J. Casey*</u>
Timothy J. Casey, BBO #650913
Erin E. Fowler, BBO #707188
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
Timothy.Casey@mass.gov
Erin.E.Fowler@mass.gov
(617) 727-7000

November 26, 2024

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

      I certify that, on October 28, 2024, I conferred with James W. Porter, III, counsel for the Plaintiffs, and attempted in good faith to reach agreement on this motion.

                          */s/ Erin E. Fowler*
                          Erin E. Fowler
                          Assistant Attorney General

**CERTIFICATE OF SERVICE**

      I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that electronic (pdf) copies will be sent to those indicated as non-registered participants by e-mail on November 26, 2024.

                          */s/ Erin E. Fowler*
                          Erin E. Fowler
                          Assistant Attorney General