IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA THEODORE; MICHAEL BURKE; GEORGE ALEXANDROPOLOUS; GERTRUDE KOWAL; STEVEN CHOUINARD; NANCY TREHUB; GUN OWNERS' ACTION LEAGUE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts; and GEOFFREY NOBLE, in his official capacity as Colonel of the MASSACHUSETTS STATE POLICE, <br><br> Defendants. | Civil Action No. 1:24-cv-11985-MJJ |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs Joshua Theodore, Michael Burke, George Alexandropolous, Gertrude Kowal, Steven Chouinard, Nancy Trehub, and Gun Owners' Action League, Inc. ("collectively, Plaintiffs"), hereby notice the voluntary dismissal of this action without prejudice.

On July 25, 2024, Massachusetts enacted "An Act Modernizing Firearms Laws," imposing burdensome licensing requirements and processes on citizens seeking to obtain a License to Carry ("LTD") or Firearm Identification Card ("FID"). Mass. St. 2024, c. 135 ("The Act"). As part of the new licensing requirements, the Act required the development of a new Basic Firearms Safety ("BFS") course, *id.* § 74 (adding Mass. G.L. c. 140, § 131P), charged the Colonel of the State Police with promulgating rules and regulations governing the BFS course, *id.*, and required any

1

LTC applicant to submit "a basic firearms safety certificate meeting the requirements of section 131P," *id.* § 49. As originally enacted, the new laws were set to go into effect on October 23, 2024.

Plaintiffs filed this lawsuit on August 1, 2024. (Doc. 1). One of Plaintiffs' challenges asserted that "[a]bsent the promulgation and implementation of training-requirement infrastructures by the Colonel of Massachusetts State Police, the individual Plaintiffs and GOAL members are categorically unable to obtain an LTC, and they cannot obtain, possess, and/or carry a handgun for self-defense," in violation of the Second Amendment. (*Id.* ¶ 68). They also challenged the LTC and FID licensing regimes as otherwise inconsistent with this Nation's historical tradition of firearms regulation, in violation of the Second Amendment. (*Id.* ¶ 67). And they challenged the State's "suitability" licensing precondition as unconstitutionally vague. (*Id.* ¶ 72).

On September 16, 2024, the Massachusetts Legislature passed, and the Governor signed, an amendment to the Act which delayed the effective date of Section 74 of the Act by 18 months—to April 2, 2026. *See* Mass. St. 2024, c. 206, § 51. And on September 30, 2024, the Executive Office of Public Safety and Security ("EOPSS") issued guidance regarding the Act. *See* EOPSS, Memorandum Regarding An Act Modernizing Firearm Laws (Sept. 30, 2024). That guidance assured that licenses would continue to be processed in accordance with Massachusetts' law predating the Act. *Id.* at 2. It also clarified that "any person who has been issued a[n] [FID] card or [LTC] on or before August 1, 2024, will not be required to complete the new BFS requirements or the live fire component, including when seeking to renew the card or license." *Id.*

The Attorney General and Colonel of State Police in their motion-to-dismiss brief further assured that "applicants may continue to get LTCs and FID cards using the pre-existing BFS course without the new elements required by the Act." (Doc. 20 at 21). They also conceded that, as of the

time Plaintiffs filed suit, Massachusetts lacked the regulatory infrastructure necessary to implement the new BFS requirements:

> At the time of filing, on August 1, 2024, this statement was correct: Section 74 of the Act made numerous changes to the BFS course requirements, and following the Act's passage, the Massachusetts State Police announced that BFS courses taught after August 1, 2024, that do not adhere to the updated curriculum would be insufficient for the issuance of an LTC. But as of August 1, 2024, there were no courses available that met those requirements.
>
> This issue was remedied, however, on September 16, 2024, when the Legislature passed, and the Governor signed, an amendment to the Act, which modified the BFS course requirement to make clear that applicants would not have to take the new course until April 2026.

(Doc. 20 at 22 (internal citations omitted)). The delayed effective date of Section 74 of the Act means that the new BFS requirements cannot be enforced until April 2, 2026. Now Plaintiffs and GOAL's members may proceed with applying and being processed for LTCs (and FID Cards) without obtaining a Basic Firearms Safety training certificate meeting the requirements of Section 131P.

In reliance on the representations made by Defendants, Plaintiffs are voluntarily dismissing this action without prejudice. Plaintiffs reserve the right to re-file their lawsuit should Defendants change their positions.

Dated: December 20, 2024            Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

/s/ *Christopher R. Howe*
James Michael Campbell BBO 541882
Christopher R. Howe BBO 652445
20 City Square
Suite 300
Boston, MA 02129
Telephone: (617) 241-3000
jmcampbell@campbell-trial-lawyers.com
chowe@campbell-trial-lawyers.com

3

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/  John Parker Sweeney*
John Parker Sweeney (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8216
Facsimile: (202) 719-8316
jsweeney@bradley.com

*/s/  James W. Porter, III*
James W. Porter, III (admitted *pro hac vice*)
William Chadwick Lamar, Jr. (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1819 5th Avenue N.
Birmingham, AL 35203
Telephone: (205) 521-8285
Facsimile: (205) 488-6285
jporter@bradley.com
clamar@bradley.com

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, the foregoing was served, via the Court's CM/ECF Document Filing System, upon all registered CM/ECF users in this action.

>/s/ Christopher R. Howe
>Christopher R. Howe
>
>*Counsel for Plaintiffs*